Robertson, Ch. J.
The main if not only question presented in this case is, whether there was a sufficient delivery of the wheat in question by the plaintiffs to the defendant to take the case out of the statute of frauds. It was originally on board of two vesssels, (The Wiltsie and Maria,) *454 when the negotiations for the sale of it commenced between the parties. After their close it was removed by agreement’ between the parties from on board of such vessels to a warehouse belonging to a Mr. Barber, which had a grain elevator attached. The referee found that such wheat was sold by the plaintiffs to the defendant by sample, and was “ by arrangement of the parties and at the request of the defendant, delivered to and, stored with Mr. Barber, for the defendant and on his account,’’ And that “Barber, as the agent of and at the request of” the defendant, received such wheat and “ compared it with the samples,” with which the bulk corresponded. This of course is decisive of the question of delivery within the statute of frauds, if sustained by the evidence.
One of the plaintiffs (David Dows) testified that in June, 1861, (5th) after a first ineffectual attempt at a sale to the defendant he spoke to him again about the wheat, in the Produce Exchange, in New York, where he had samples on a table. The defendant offered to give a dollar a bushel for it, but did not pay it for ten days, and said that he would take it at that price “ at short rates ” (being less than full) storage, or 1J cents for ten days. The plaintiff Dows then said he would sell it, on those terms, provided 'the defendant would pay the expense of the storage. The plaintiffs then having agreed with Barber to take in the wheat, at the short rates of storage, brought him to the defendant, and informed the latter of that agreement. “It was then arranged that Barber should take the wheat in for account of the defendant.” One of the parties ■ gave the samples of the wheat to Barber. The defendant told him to see that the cargoes were like the samples when they went in. On the same day the wheat was taken into Bai> ber’s store.
According to the findings of the referee, upon the delivery of the wheat in such store, receipts therefor, in the name of the plaintiffs, by Barber, were indorsed by the former, with an order to deliver the same to the defendant, and re *455 delivered to Barber, with a request to deliver them to the defendant, to whom he offered to deliver them, but at the request of the latter, because he could not take the wheat .away for some days, he left it with the plaintiffs for the defendant. This was testified to by the plaintiff Dows and by Barber.
According to the same findings of the referee, such wheat being in store was measured by a measurer, who sent his return, according to the custom, to the plaintiffs, as vendors, who, within four days after the sale, indorsed and sent them to the defendant. The latter retained them for five days, and then returned them to the plaintiffs, with notice that he would not take the wheat. The possession, by a vendee, of such a return, so indorsed by a vendor, according to the course of business of such trade, enables the former to procure the bill of lading, or a warehouseman’s receipt in his favor. The referee therefore found, perhaps as matter of law, that such indorsement and delivery of the return, was evidence of the defendants’ title to the wheat, and right to its possession. The facts in regard to the delivery of the return and its effect, were testified to by the plaintiff Dows and by Barber, and were, undoubtedly, sufficient evidence of acceptance by the defendant. (Outwater v. Dodge, 6 Wend. 402. Spencer v. Hale, 30 Verm. Rep. 314. Morton v. Tibbett, 15 Ad. & El. N. S. 428. Bushell v. Wheeler, Id. 441.)
Mr. Barber further testified that the defendant told him “to take in the wheat, screen and blow it, and see that it was like the two samples, that were in the.two boxes that were handed” to him at the time. And that he' subsequently compared the bulk with the samples. This, undoubtedly, was a recognition of him by the defendant as his agent. '
Upon such evidence, the referee found the sale and delivery to the defendant of the wheat in question. The testimony of Barber, and the retention by the defendant of the measurer’s returns for five days, without objection, corrobo *456 rated the statement of the plaintiff Dows. • Against this was opposed only the denial of the defendant. Even he, however, admitted the purchase, but with .the proviso of only receiving it at the end of ten days, and with an agreement. to pay half storage. After seeing the wheat, and receiving the bills and returns, he sent an official measurer to examine the wheat, and then wrote a letter refusing to receive it, because “not according to the quality represented.”
Under these circumstances, and with such a conflict of evidence, the findings of the referee, as to the delivery of the wheat, must be considered as final, (Osborn v. Marquand, 1 Sandf. 457; Mann v. Whitbeck, 17 Barb. 388; Heritage v. Hall, 33 id. 347,) and, therefore, the contract was not governed by the statute of frauds. The only two facts militating against this conclusion were the entry of the wheat in the warehouse keeper’s books, as received from the plaintiffs, and his receipt to the same effect, and the re-sale of the wheat by the plaintiffs. The first is fully explained by the custom of the business, the indorsement of such receipt to the defendant, and his retaining the same. The second may have been some evidence of the sale never having taken place, but the referee disposed of its effect as such with the other evidence, and it could not have disproved both the sale and its recission.
The subsequent re-sale of the wheat by the plaintiffs was expi’essly declared by them, in their notice to the defendant, not to be a rescission, but to be a sale on account of the defendant. Whether they are liable or not for a conversion of it, in resuming possession of it and selling it, could not be tided in this action. The amount recovered is less than the price of the wheat.
The judgment appealed from should therefoz’e be affirmed, with costs.
Garvín, J. concurred.